# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEORGE GAUTHERIN, and CATHLEEN GAUTHERIN, h/w
60 BULL ROAD
HARWINTON, CT 06791

## DEFENDANTS
GEICO GENERAL INSURANCE COMPANY
300 CROSSPOINT PARKWAY
GETZVILLE, NY 14068

(b) County of Residence of First Listed Plaintiff  LITCHFIELD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  ERIE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
BRIAN F. LAFFERTY JR.
1435 WALNUT STREET, 700
PHILADELPHIA, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities Other / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
PA STATUES ANNOTATED CHAPTER 63. UNINSURED MOTORISTS COVERAGE/DIVERSITY CONTRACT DISPUTE

Brief description of cause:
UNDERINSURED MOTORIST CLAIM

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  N/A
DOCKET NUMBER

DATE 3/20/15
SIGNATURE OF ATTORNEY OF RECORD  *[signature] BFJ Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __60 Bull Road  Harwinton, CT 06791__

Address of Defendant: __300 Crosspoint Parkway  Getzville, NY 14068__

Place of Accident, Incident or Transaction: __Upper Merion Township  Pennsylvania. Montgomery Cty__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☑ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) __Underinsured Motorist__

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Brian F. Lafferty JR__, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __3/20/15__    _____    __93668__
                    Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/20/15__    _____    __93668__
                    Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

George + Cathleen Gauthorn : CIVIL ACTION

v. :

Geico General Insurance Company : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

3/20/15           BFJL              Brian F. Lafferty
Date              Attorney-at-law   George + Cathleen Gauthorn
                                    Attorney for Plaintiffs

215 558 3920     215 241 8700      Blafferty@CBK-Law.com
Telephone         FAX Number        E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE GAUTHERIN, and CATHLEEN GAUTHERIN, h/w<br>60 Bull Road<br>Harwinton, CT 06791<br><br>            Plaintiffs,<br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY<br>300 Crosspoint Parkway<br>Getzville, NY 14068<br><br>            Defendant. | CIVIL ACTION- LAW<br><br><br>NO.<br><br><br>**A JURY OF 12 IS DEMANDED IN THIS ACTION** |

## GENERAL AVERMENTS

1.      Plaintiffs, George Gautherin (Hereafter "George") and Cathleen Gautherin (Hereafter "Cathleen"), husband and wife, are adult individuals residing at 60 Bull Road, Harwinton, CT 06791.

2.      Defendant, Geico General Insurance Company (hereinafter referred to as "Geico") is a corporation licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3.      At all times material hereto, defendant, Geico, acted or failed to act, by and through their agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with defendant, in furtherance of defendant's business and on behalf of defendant.

-1-

4. At all times material hereto, Defendant, Geico, has in the past, and continues in the present, to regularly conduct business in Philadelphia County.

5. At all times material hereto a Third Party named Joanne Wertz (Hereafter 3rd Party), negligently operated, managed and controlled a vehicle owned and insured by 3rd Party Thomas J. Boyle 2007, which rear-ended Plaintiffs and caused the subject accident.

6. On March 23, 2011, at approximately 12:01 p.m., Plaintiffs, George and Cathleen Gautherin, driver and passenger, respectively, traveled in their 2006 Toyota Corolla motor vehicle, bearing Connecticut license plate number 330UGC, which traveled Southbound on North Gulph Road at the intersection of Mall Boulevard in Upper Merion Township, Pennsylvania in the far right curb lane of travel.

7. At all times material hereto, 3rd Party Wertz was acting with full consent and permission of 3rd Party Boyle, owner of the 1997 Toyota motor vehicle, to operate said vehicle without a valid driver's license when she struck and rear-ended Plaintiffs' 2006 Toyota Corolla motor vehicle in which Plaintiff, George Gautherin, was the driver and in which Plaintiff, Cathleen Gautherin, was a passenger, causing said vehicle to careen across all lanes of travel and come to rest northbound in the far right curb lane.

8. The accident was in no way caused or contributed to by the Plaintiffs and was solely caused by the 3rd Parties.

9. Plaintiff filed and prosecuted a Third Party Lawsuit in Montgomery County Pennsylvania. The lawsuit was settled with the full consent of Geico for the Policy Limits of 3rd Parties Policy.

## COUNT I
## PLAINTIFF, GEORGE GAUTHERIN v. DEFENDANT, GEICO, ONLY
## BREACH OF CONTRACT

10.     Plaintiff, George, incorporates by reference hereto all of the allegations contained in the General, as if they were set forth at length herein.

11.     The aforesaid accident was due solely to the negligence and carelessness of the 3rd Parties.

12.     On or about March 23, 2011, the motor vehicle operated by the 3rd Party tortfeasor, Wertz, was underinsured.

13.     On or about October 12, 2010, Defendant, Geico, issued a policy of automobile insurance to Plaintiffs, George and Cathleen Gautherin, under Geico General Insurance Company policy No. 4165-14-31-34, good from 11/20/10-5/20/11. See Exhibit A.

14.     On October 12, 2010, and at all times material hereto, the policy of automobile insurance issued by Geico to Plaintiffs, policy number 4165-14-31-34, provided for uninsured and/or underinsured motorist benefits. See Exhibit A.

15.     The aforesaid policy of insurance issued by Geico to Plaintiffs was in full force and effect on March 23, 2011.

16.     Under the laws of the Commonwealth of Pennsylvania, New York and Connecticut, Defendant, Geico, is required to provide uninsured and/or underinsured Motorist benefits for Plaintiffs, pursuant to an automobile insurance policy number, 4165-14-31-34 claim number: 0373239850101026.

17.     Plaintiff is unaware of any mandatory arbitration clause in Defendant, Geico's insurance policy, more particularly, with regard to an uninsured and/or underinsured Motorist Vehicle Coverage. Plaintiffs provided the proper notification to Geico of the Plaintiff's Claim for

Underinsured Motorist Damages, the parties continue to communicate and are working towards an amicable resolution of the matter.

18. As a sole and direct result of the original incident, Plaintiff George Gautherin, suffered severe and diverse injuries the full extent of which are presently unknown including, but not limited to: his neck and back including a meniscus tear to the left knee causing him to endure several injections with the anticipation of surgery, aggravation of pain and discomfort of a preexisting cancer condition. Plaintiff may in the future require surgeries, medicines, medical aid, medical care, treatment and rehabilitation; he has in the past and may in the future continue to suffer agonizing aches, pains, suffering and mental anguish; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment; he has endured pain and suffering; he has in the past and may in the future continue to endure loss of hedonic pleasures.

19. As a further result of this incident, Plaintiff, George Gautherin, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

20. As a further result of this incident, Plaintiff, George Gautherin, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

21. As a further result of this incident, Plaintiff, George Gautherin, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

22. As a direct and reasonable result of the accident aforementioned, Plaintiff, George Gautherin, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount that Plaintiff may otherwise be entitled to recover.

23. As a further result of the incident aforementioned, Plaintiff, George Gautherin, has suffered severe physical pain, mental anguish and humiliation, loss of life's pleasure and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, George Gautherin, demands judgment against the Defendant Geico for uninsured/underinsured motorist benefits in an amount in excess of the $150,000.00 arbitration limit plus interest, costs, and attorneys' fees.

### COUNT II
### PLAINTIFF, GEORGE GAUTHERIN v. GEICO
### LOSS OF CONSORTIUM

24. Plaintiff, George Gautherin, incorporates by reference hereto all of the allegations contained in the General Averments and Count I, as if they were set forth at length therein.

25. Solely as a result of the aforesaid negligence and the carelessness of the 3rd Parties, Plaintiff, George Gautherin, spouse of Cathleen Gautherin, has been deprived of the society, companionship, aid, assistance, earnings, and earning power and consortium of said spouse, all of which has caused, and may in the future, continue to cause great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, George Gautherin, demands judgment against the Defendant Geico, for under-insured motorist damages, in an amount in excess of the $150,000.00 arbitration limits, plus interest and costs.

## COUNT III
## PLAINTIFF, CATHLEEN GAUTHERIN v. DEFENDANT, GEICO, ONLY
## BREACH OF CONTRACT

26. Plaintiff, Cathleen Gautherin, incorporates by reference hereto all of the allegations contained in the General, First Count and Second Count, as if they were set forth at length herein.

27. The aforesaid accident was due solely to the negligence and carelessness of the 3rd Parties.

28. On or about March 23, 2011, the motor vehicle operated by the 3rd Party tortfeasor, Wertz, was underinsured.

29. On or about October 12, 2010, Defendant, Geico, issued a policy of automobile insurance to Plaintiffs, George and Cathleen Gautherin, under Geico General Insurance Company policy No. 4165-14-31-34, good from 11/20/10-5/20/11. See Exhibit A.

30. On October 12, 2010, and at all times material hereto, the policy of automobile insurance issued by Geico to Plaintiffs, policy number 4165-14-31-34, provided for uninsured and/or underinsured motorist benefits. See Exhibit A.

31. The aforesaid policy of insurance issued by Geico to Plaintiffs was in full force and effect on March 23, 2011.

32. Under the laws of the Commonwealth of Pennsylvania, New York and Connecticut, Defendant, Geico, is required to provide uninsured and/or underinsured Motorist

benefits for Plaintiffs, pursuant to an automobile insurance policy number, 4165-14-31-34 claim number: 0373239850101026.

33. Plaintiff is unaware of any mandatory arbitration clause in Defendant, Geico's insurance policy, more particularly, with regard to an uninsured and/or underinsured Motorist Vehicle Coverage. Plaintiffs provided the proper notification to Geico of the Plaintiff's Claim for Underinsured Motorist Damages, the parties continue to communicate and are working towards an amicable resolution of the matter.

34. As a sole and direct result of the original incident, Plaintiff Cathleen Gautherin, suffered extremely severe and diverse injuries the full extent of which are presently unknown including, but not limited to: her neck, lower back, and shoulders causing her to endure several Cortisone injections to the shoulders, back and neck and requiring multiple spinal surgeries including but not limited to: Bilateral L4 Laminectomy, Bilateral L4-5 Facetectomy, Bilateral L4-5 Foraminotomy, Left L4-5 Transforaminal discectomy, L4-5 Diskectomy, Bilateral L4-5 Transforaminal lumbar interbody fusion, Posterolateral arthrodesis and pedical screw instrumentation at L4-5, C5, C6 and C7 Cervical Fusion Surgeries with instrumentation. Plaintiff Cathleen Gautherin further suffers continuous migraine headaches and an aggravation of a preexisting condition.

35. Plaintiff Cathleen Gautherin has in the past and may in the future continue to require surgeries, medicines, medical aid, medical care, treatment and rehabilitation; she has in the past and may in the future continue to suffer agonizing aches, pains, suffering and mental anguish; she has in the past and may in the future continue to be disabled from performing her usual duties, occupations and avocations, all to her great loss and detriment; she has endured

pain and suffering; she has in the past and may in the future continue to endure loss of hedonic pleasures.

36. As a further result of this incident, Plaintiff, Cathleen Gautherin, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

37. As a further result of this incident, Plaintiff, Cathleen Gautherin, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

38. As a further result of this incident, Plaintiff, Cathleen Gautherin, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

39. As a direct and reasonable result of the accident aforementioned, Plaintiff, Cathleen Gautherin, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount that Plaintiff may otherwise be entitled to recover.

40. As a further result of the incident aforementioned, Plaintiff, Cathleen Gautherin, has suffered severe physical pain, mental anguish and humiliation, loss of life's pleasure and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Cathleen Gautherin, demands judgment against the Defendant Geico for under-insured motorist benefits in an amount in excess of the $150,000.00 arbitration limit plus interest, costs, and attorneys' fees.

## COUNT IV
## PLAINTIFF, CATHLEEN GAUTHERIN v. GEICO
## LOSS OF CONSORTIUM

41. Plaintiff, Cathleen Gautherin, incorporates by reference hereto all of the allegations contained in the General Averments and Count I, Count II and Count III, as if they were set forth at length therein.

42. Solely as a result of the aforesaid negligence and the carelessness of the 3rd Parties, Plaintiff, Cathleen Gautherin, spouse of George Gautherin, has been deprived of the society, companionship, aid, assistance, earnings, and earning power and consortium of said spouse, all of which has caused, and may in the future, continue to cause great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Cathleen Gautherin, demands judgment against the Defendant Geico, for under-insured motorist damages, in an amount in excess of the $150,000.00 arbitration limits, plus interest and costs. Respectfully submitted,

Respectfully submitted.

**LAFFEY, BUCCI & KENT, LLP**

By: _____
Brian F. Lafferty Jr., Esquire
Attorney for Plaintiffs,
George Gautherin and Cathleen Gautherin, h/w

DATED: March 20, 2015

## *VERIFICATION*

Brian F. Lafferty Jr, Esquire, hereby state that I am the attorney for the Plaintiffs, in the foregoing lawsuit, and verify that the statements made in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief, and I understand that the statements in said pleading are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

LAFFEY, BUCCI & KENT, LLP

BY: _____
BRIAN F. LAFFERTY JR., ESQUIRE
Attorney for Plaintiffs

Dated: March 20, 2015

# "EXHIBIT A"


**Tel:** 1-800-841-3000

**GEICO GENERAL INSURANCE COMPANY**
300 Crosspoint Parkway
Getzville, NY 14068

Date Issued: October 12, 2010

CATHLEEN M GAUTHERIN AND
GEORGE G GAUTHERIN
60 BULL RD
HARWINTON CT 06791-2318

Email Address: george.cathleen@sbcglobal.net

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 4165-14-31-34**
**Coverage Period:**
11-20-10 through 05-20-11
12:01 a.m. local time at the address of the named insured.

| Named Insured | Additional Drivers |
|---|---|
| Cathleen Gautherin | None |
| George Gautherin | |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 2002 Toyota | Sienle/Xle | 4T3ZF13C62U504004 | Harwinton CT 06791 | |
| 2 2006 Toyota | Corolla | 2T1BR32E46C600799 | Harwinton CT 06791 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $500,000/$500,000 | $66.70 | $89.60 |
| Property Damage Liability | $100,000 | $40.40 | $51.40 |
| Uninsured/Underinsured Motorists Non-Stacked | | | |
| Each Person/Each Occurrence | $500,000/$500,000 | $36.80 | $36.80 |
| Comprehensive | $500 Ded/Full Glass | $16.30 | $22.30 |
| Collision | $500 Ded | $57.10 | $94.20 |
| Emergency Road Service | Full | $7.30 | $5.60 |
| Rental Reimbursement | $50 Per Day | $22.00 | $22.00 |
| | $1500 Max | - | - |
| **Six Month Premium Per Vehicle** | | **$246.60** | **$321.90** |
| **Total Six Month Premium** | | | **$568.50** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.